### TIMOTHY LINCOLN *vs.* THE WHITTENTON MILLS.

An oral agreement was made by L., a land owner, and the owners of mills, who flowed his land, to submit to referees the question, what damages he should receive: The referees made a written award, " that the Taunton Manufacturing Company, and the owners of mills, or their assigns, shall pay to L." a certain sum annually, " so long as said company and others keep up their dam, and flow as heretofore ; with the understanding and agreement, that if said company and others shall discontinue their dam, the said L., his heirs or assigns, shall be entitled to such damages as it appears·his land sustains in consequence of former flowing, until they arrive at their primitive goodness." The words " accepted and agreed to " were written on the award, and signed by L., and by " C. R. by authority of the flowers," and L. was paid, for several years, the amount mentioned in the award ; but it did not appear by whom the payment was made : C. R. was not, at the time of his accepting the award, the agent of the Taunton Manufacturing Company, nor appointed by them for that purpose: The said company afterwards ceased to do business, and their mills passed to other owners, who continued to flow L.'s lands, but refused to pay the full amount of damages awarded by the referees, and offered him a less amount : L. refused to receive the amount so offered, and filed a complaint, in common form, under the Rev. Sts. c. 116, praying for a jury to estimate the damages caused by flowing his lands. *Held*, that the award was void, because it was neither certain nor final ; that if the award had been valid, it would not have bound the respondents. on the facts of the case; and that L. was entitled to proceed on his complaint.

THIS was a complaint under the mill act, (Rev. Sts. c. 116,) in which the complainant prayed that a warrant might

issue for the empannelling of a jury to assess the damages occasioned to his land by a reservoir dam maintained in part by the respondents, and used for working their mills. The respondents pleaded the general issue, and gave notice that they should (among other things) rely upon a reference made, in the year 1837, between the complainant and the Taunton Manufacturing Company, under which an award was made, fixing the terms on which the complainant's land might be flowed.

At the trial in the court of common pleas, before *Colby*, J. the following award was given in evidence: "The subscribers, to whom are referred the damages sustained by Timothy Lincoln, in consequence of a dam at White's Bridge, so called, erected by the Taunton Manufacturing Company in 1832, having examined the premises of the said Timothy, report as follows; viz. that the Taunton Manufacturing Company, and the owners of other mills below said dam, formerly connected, or their assigns, pay to the said Timothy Lincoln, his heirs or assigns, the sum of two hundred and eight dollars per annum for four years' past damage, and one hundred and thirty-five dollars per annum for future damage, payable on the first day of November in each year, so long as said company and others keep their dam and flow as heretofore ; with the understanding and agreement, that if said company and others shall discontinue said dam, the aforesaid Timothy Lincoln, his heirs or assigns, shall be entitled to such damage as it appears his lands sustain in consequence of former flowing, until they shall arrive at their primitive goodness.

|  |  |
|---|---|
| Daniel Leonard. | Eddy Lincoln. |
| Uriah Smith. | Stephen Leonard. |
| Bezer Lincoln. | Isaac Woodward. |

Taunton, Nov. 2d 1839.

"The above report accepted and agreed to, by authority of the flowers.                    C. Richmond, Agent.

"Accepted and agreed to by       Timothy Lincoln."

It appeared that the submission, under which the foregoing award was made, was oral. And C. Richmond testified that

he was not, at the time of his accepting the award, the general agent of the Taunton Manufacturing Company, nor appointed by them agent for that purpose ; but that as he had had the care of paying for flowing theretofore, it was thought he could best attend to it ; and that he acted under a verbal authority from the agent of said company.

It was proved or admitted that one or more mills used the water from the reservoir dam, that were not parties to the said reference ; that the Taunton Manufacturing Company had ceased to do business, and that the various mills owned by them had passed into the hands of other persons and corporations. And the flowing of the complainant's lands, as alleged in his complaint, was admitted.

It appeared that the respondents were incorporated by *St.* 1836, *c.* 19, and were organized as a corporation, before the date of said award ; but no authority was shown from them to Richmond, who signed the award.

It was also in evidence, that the complainant, since the award was made, had received the amount therein stipulated to be paid, until three years next before the filing of his complaint, when that amount, less fifteen per cent., was offered to him by an agent on the part of the owners of the reservoir dam ; which offer the complainant refused.

The judge ruled that the award was void for vagueness and uncertainty, and that the complainant, by reason of any proceedings shown, was not precluded from the right to a warrant for a jury. To this ruling the respondents alleged exceptions.

*N. Morton,* for the respondents. The agreement signed by Richmond was ratified by the respondents, by their paying the sum awarded by the referees. No form of words is required to make a ratification of a parol matter. *Amory* v. *Hamilton,* 17 Mass. 103, 109. *Erick* v. *Johnson,* 6 Mass. 196. Story on Agency, §§ 252 – 255. If there was a ratification, then the refusal of the respondents to pay the full amount of damages cannot give the complainant a right to a jury. He should sue on the ratified agreement.

*Eliot*, for the complainant. No suit could be maintained by the complainant, on the award. Those who were not parties to the award have come into possession of the mills, and flowed his lands. The reference was between the complainant and the Taunton Manufacturing Company and other owners of mills, but not all the owners of mills that flowed his lands, or used the waters of the reservoir. Besides; the award does not bind the assigns of the parties thereto.

WILDE, J. This case turns on the question whether the award of arbitrators, relied on in the defence, is valid and binding on the parties to the present suit. An award is in the nature of a judgment, and, to be valid, must be certain and decisive as to the matter submitted, so that it shall not be a cause of a new controversy. *Samon's case*, 5 Co. 77. Bac. Ab. Arbitrament and Award, E. 2. And although an award may be good in part, and in part void, yet this rule applies only to awards in which the parts of the award are distinct and independent of each other. So an award may be conditional; but if the condition leads to a new controversy, the award is void. According to these principles, we are of opinion that the award in question is void, as being vague and uncertain, and not final as to the matter submitted to the arbitrators.

The award is sufficiently certain as to the annual payment to be made by the owners of the reservoir dam to the complainant; but it is expressly on the understanding and agreement, that if the Taunton Manufacturing Company and others shall discontinue said dam, the complainant, his heirs and assigns, "shall be entitled to such damage as it appears his lands sustain in consequence of former flowing, until they shall arrive at their primitive goodness." It is clear, we think, by this part of the award, that it is not final and certain between the parties, but that the matter submitted is left open to a future controversy, on the contingency of the discontinuance of the dam.

But if this award were valid and binding on the parties to the submission, it would not, according to the facts reported,

be binding on the parties in this case. The respondents were not a party to the submission, nor are they liable as the assigns of the Taunton Manufacturing Company. Richmond, who agreed to the award, as agent of that company, had no authority from the company for that purpose; and it does not appear that the company have ratified his proceedings. All that appears by the report of the case is, that the complainant had received the amount stipulated to be paid, until three years before the filing of the complaint. But it does not appear whether the payments were made by the agent of the Taunton Manufacturing Company, or by some other owners of the reservoir dam; nor, if paid by the said agent, does it appear that he was authorized to ratify the award. Those payments might be made without authority, as well as the submission to arbitration. Whether, if the Taunton Manufacturing Company had ratified the award, it would bind their assigns, is a question which it is not necessary to consider.

*Exceptions overruled.*